### Stidham v. Stidham.

(Decided March 20, 1928.)

## Appeal from Breathitt Circuit Court.

Divorce.—Evidence in divorce proceedings held to justify action of chancellor in modifying former judgment of divorce to effect that custody of minor child should be awarded to father, except in so far as it failed to make provision for mother to see child.

GRANNIS BACH and G. B. STAMPER for appellant.

R. A. DUNN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant, Mary Stidham, instituted an action against her husband, Bryant Stidham, seeking an absolute divorce and alimony for herself, and maintenance for their child. The grounds were cruel and inhuman treatment. The appellee filed an answer controverting her allegations, and made counterclaim against her, alleging that he was entitled to a divorce because of the lewd and lascivious conduct of appellant such as showed her to be unchaste. Proof was taken by both parties. The appellant detailed such cruel and inhuman treatment as to show appellee to be insensible to all marital responsibilities. She was in a measure corroborated. Probably the cruelty of appellee was exaggerated. Appellee introduced witnesses who testified to acts on the part of appellant which showed her to be an unfit person, but we are not impressed with the evidence, as it does not bear the stamp of truth. The parties finally agreed upon a settlement of their property rights. The appellee agreed to pay appellant a small sum of money in lieu of any claim she might have against him for alimony, and also to pay $15 a month for the maintenance of the child. Upon final submission, a divorce was granted appellant, and the chancellor approved the settlement entered into

between the parties, except as to the allowance for the maintenance of the child, and that was increased to $20. The care and custody of the infant was awarded to appellant.

Appellant had no fixed place of abode, and was forced to work for her support. She found it difficult to take care of the child while she was engaged, and she made arrangements with a sister of appellee to keep the child for a while. The sister, after keeping the child for a few weeks, delivered it to its father, the appellee. This led to further litigation, until appellee went into court and filed his petition alleging that the judgment in the divorce proceeding awarding the custody of the child to appellant should be modified, because she was not a fit person to have the custody of the child, and that she had not been able to care for it. Proof was taken, and there was an effort to show that the appellant had been guilty of adultery, but we place no credence in that proof.

The proof further showed, however, that she was not in position to properly care for the child. She is compelled to work for her living, and, however much she may desire to have the child with her, she is in no position to care for it under the circumstances. The appellee is able to take care of the child, and expresses a willingness to do so. It is urged against him that he is not a fit person to have the custody of the child, and, if we believed all of the evidence against him, we would probably reach the conclusion that he is not a suitable person to have the custody of a child. There are circumstances in his favor. He is a laborer, and, although a young man, he has accumulated considerable property. At the time he married appellant he had $2,700 in the bank, which he thereafter used in purchasing a home which is worth $5,000, according to proof. He testified that he owed $250, and no more. A young man given to drunkenness and association with lewd women does not accumulate money as a result of his labor. It is urged that he has married again, and that his wife is not as good as she ought to be, but there is no substantial evidence against his present wife other than that she had been married twice before, which may not be to her discredit. Some testimony was introduced concerning rumors as to her conduct which reflected upon her reputation for virtue, but this testimony was the purest hearsay, and, for that reason, not competent for any purpose. There is no evidence show-

ing that she has been guilty of any improper conduct since she married appellee.

The chancellor knew all of these parties and he knew the witnesses as well as all of the surrounding circumstances and conditons. The chancellor had in mind what was for the best interest of the infant, now about five years of age. He modified the former judgment, and adjudged that appellee should have the custody of the child, which he should support. We will not disturb his judgment on this point, but probably by oversight he made no provision for the mother to see the child. For that reason, the judgment must be reversed, and the chancellor will modify it to the extent that the mother shall be allowed to see the child at such times and places as, in the opinion of the chancellor, would be reasonable. The mother should not be deprived of an opportunity to see the child at least once a month.

Judgment reversed, and cause remanded, with directions for proceedings consistent with this opinion.